# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ONE JET, INC.,<br><br>Debtor.<br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>XO GLOBAL LLC f/k/a XOJET SALES LLC,<br><br>Defendant. | Bankr. Case No. 18-24070-GLT<br><br>Chapter 7<br><br>Adv. Pro. No. _____ |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS
## PURSUANT TO 11 U.S.C. §§ 547 AND 550

Rosemary C. Crawford (the "Trustee" or "Plaintiff"), in her capacity as chapter 7 trustee of the Estate of One Jet, Inc. (the "Debtor"), by and through the undersigned counsel, files this complaint (the "Complaint") to avoid and recover preferential transfers against XO Global LLC f/k/a XoJet Sales LLC (the "Defendant"). In support of this Complaint, Plaintiff hereby alleges upon belief that:

## NATURE OF THE CASE

1. This adversary proceeding is commenced pursuant to Sections 547 and 550 of Chapter 5 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), to avoid and recover certain preferential transfers of property made by the Debtor to the Defendant within the ninety (90) day period prior to the commencement of the Debtor's bankruptcy case.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. This adversary proceeding is a "core" proceeding to be heard and determined by this court pursuant to 11 U.S.C. § 157(b) (2).

3. The statutory and legal predicates for the relief sought herein are Sections 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The Trustee consents to the jurisdiction of the bankruptcy court and the entry of final orders or judgment by the bankruptcy judge.

## PROCEDURAL BACKGROUND

5. On the October 17, 2018 (the "Petition Date"), petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code against the Debtor in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") at Case Number 18-24070-GLT (the "Case").

6. On November 13, 2018, the Court entered an order for relief [Doc. No. 28], granting the Petition against the Debtor.

7. On November 13, 2018, the Trustee was appointed to administer the estate of the Debtor.

8. The Trustee's duties include bringing claims to avoid and recover preferential transfers pursuant to sections 547 and 550 of the Bankruptcy Code.

9. On or about February 27, 2019, the Court entered an Order authorizing the Employment of Kirk B. Burkley and Bernstein-Burkley, P.C., as Special Counsel to the Trustee ("Special Counsel") [Doc 451].

## FACTUAL BACKGROUND

10. The Debtor is a California corporation primarily engaged in airline transportation services.

11. In the ordinary course of business, the Debtor maintained business relationships with vendors, suppliers, distributors, and creditors.

12. During the ninety (90) day period prior to the Petition Date, from July 19, 2018, to October 17, 2018 (the "Preference Period"), the Debtor continued to operate its business, including making transfers of property to various entities, in the form of checks, cashier's checks, wire transfers, ACH transfers, and the like.

13. Defendant conducted business with the Debtor through and including the Petition Date.

14. Defendant is a Delaware limited liability company with a principal office located at 1901 W Cypress Creek Road, Suite 6B, Fort Lauderdale FL 33309.

15. The Debtor made transfers of an interest in its property to or for the benefit of the Defendant during the Preference Period in the total amount of not less than $38,438.00 (the "Transfer" or "Transfers"). The details of such Transfers are attached hereto and incorporated herein as **Exhibit A**.

16. During the course of this proceeding, the Trustee and Special Counsel may learn of additional Transfers made to the Defendant. It is the Trustee and Special Counsel's intention to avoid and recover any and all Transfers made, and the Trustee and Special Counsel reserve all rights to amend or supplement this Complaint.

17. The Trustee acknowledges that the Defendant may be entitled to defenses under Section 547(c) of the Bankruptcy Code. Pursuant to Section 547(g) of the Bankruptcy Code, the Defendant bears the burden of proof for any and all defenses it may raise.

## COUNT I
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

18. The Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

19. Pursuant to Section 547 of the Bankruptcy Code, the Trustee may:

Based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property-

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if--
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

20. As described on **Exhibit A**, the Debtor has identified Transfers made to or for the benefit of the Defendant in a total amount not less than $38,438.00.

21. The Transfers were made from one or more of the Debtor's bank accounts, and therefore constituted transfers of an interest in property.

22. Each Transfer was made to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code, because each Transfer reduced or satisfied an obligation or debt owed to the Defendant.

23. Each Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant through their ongoing business relationship.

24. Each Transfer was made while the Debtor was insolvent, because the Debtor is presumed to be insolvent during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

25. Each Transfer was made during the Preference Period, as shown on Exhibit A.

26. As a result of the Transfers, the Defendant received more than it would have received if the Defendant had participated in the distribution of the assets of the bankrupt estate pursuant to chapter 7 of the Bankruptcy Code, the Transfers had not been made, and the Defendant received payment of its claim to the extent provided by the provisions of the Bankruptcy Code.

27. Accordingly, the Trustee is entitled to an order and judgment against the Defendant avoiding and setting aside the Transfers under Section 547 of the Bankruptcy Code

28. The Trustee respectfully requests entry of an order avoiding and setting aside the Preference Transfers in the amount of $38,438.00.

## COUNT II
### RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

29. Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

30. Trustee is entitled to avoid the Transfers pursuant 11 U.S.C. § 548.

31. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of the Transfers or the person for whose benefit the Transfers were made.

32. Pursuant to 11 U.S.C. § 550(a), Trustee is entitled to recover from Defendant all Transfers and the costs of this action.

WHEREFORE, Plaintiff, Rosemary C. Crawford, in her capacity as chapter 7 trustee of the Estate of OneJet, Inc. prays that this Honorable Court grant the following relief against Defendant, XO Global LLC f/k/a XoJet Sales LLC.

A. Judgment in favor of Plaintiff and against Defendant, avoiding the preferential Transfers and directing Defendant to return to Plaintiff the total amount of $ 38,438.00, pursuant to 11 U.S.C. §§ 547(b) and 550(a); and

B. Granting Plaintiff such other relief and further relief as this Court deems just and proper.

Dated:  October 2, 2020

BERNSTEIN-BURKLEY, P.C.

By: */s/ John J. Richardson*
John J. Richardson, Esq., PA I.D.: #86045
jrichardson@bersteinlaw.com
Keila Estevez, Esq., PA I.D.: #324601
kestevez@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
T: (412) 456 – 8100
F: (412) 456 – 8135

*Special Counsel to the Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ONE JET, INC.,<br><br>Debtor.<br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>XO GLOBAL LLC f/k/a XOJET SALES LLC,<br><br>Defendant. | Bankr. Case No. 18-24070-GLT<br><br>Chapter 7<br><br>Adv. Pro. No. _____ |

## ORDER OF COURT

On this _____ day of _____, 2020, upon consideration of the foregoing complaint (the "Complaint") filed by Rosemary C. Crawford, in her capacity as chapter 7 trustee of the Estate of One Jet, Inc. (the "Plaintiff") to avoid and recover preferential transfers against XO Global LLC f/k/a XoJet Sales LLC (the "Defendant"), and all responses thereto, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. The relief requested in the Complaint is hereby **GRANTED**; and

2. Judgment is entered in favor of Plaintiff and against Defendant, **AVOIDING** the preferential Transfers and directing Defendant to return to Plaintiff the total amount of $38,438.00 within ten (10) business days of the date that this Order becomes final and non-appealable.

_____
Hon. Gregory L. Taddonio
United States Bankruptcy Judge